<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ALEXANDER A. HARRIS,

    Plaintiff,

    v.

OFFICER M. SMITH, *et al.*,

    Defendants.

No. 25cv3372 (EP) (MAH)

**OPINION**

**PADIN, District Judge.**

*Pro se* Plaintiff Alexander A. Harris, a pretrial detainee at Hudson County Correctional Center ("HCCC") in Kearny, New Jersey, brings this action pursuant to 42 U.S.C. § 1983. D.E.1 ("Complaint" or "Compl."). Plaintiff also filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). D.E.s 1-1 and 1-2 (collectively, Plaintiff's "IFP Application").

Plaintiff's IFP Application establishes his financial eligibility to proceed without prepayment of the filing fee. The Court will therefore **GRANT** his IFP Application and screen the Complaint for *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons explained below, the Court will **DISMISS** *without prejudice* the Complaint and provide Plaintiff leave to file an amended complaint.

## I.    BACKGROUND[1]

Defendants to this action are Officer M. Smith ("Smith"),[2] HCCC Director Becky Scott ("Scott"), and HCCC Deputy Director Sharonda Murrell ("Murrell") (collectively "Defendants").

---

[1] The facts in this section derive from the Complaint's well-pled factual allegations, which the Court presumes to be true for purposes of screening the complaint. *See Iqbal*, 556 U.S. 662, 678 (2009).

[2] Plaintiff does not identify the first name of Officer M. Smith.

Compl. at 3-4.  Plaintiff alleges that on January 22, 2025, he requested that Smith seek medical attention for Plaintiff because Plaintiff was suffering chest pain and shortness of breath.  *Id.* at 5. Smith called the facilities' nurses.  *Id.* at 4.  Plaintiff explained to Smith that he had a history of high blood pressure and abnormal EKGs, but Smith refused to call a "Code White," a procedure used at HCCC to obtain emergency medical care for inmates.  *Id.* at 4-5.  Three hours later, Plaintiff reported his same symptoms to Sergeant Rios, who called a Code White.  *Id.* at 5.  Plaintiff was taken to a hospital and treated for heart attack.  *Id.*

Plaintiff seeks damages under 42 U.S.C. § 1983 based on Smith's alleged deliberate indifference to Plaintiff's medical needs.[3]  *Id.*  Plaintiff also seeks damages against Scott and Murrell for failure to train and supervise Smith.  *Id.*

## II.    LEGAL STANDARD

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit."  *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).  However, courts must review an IFP plaintiff's complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.  28 U.S.C. § 1915(e)(2)(B).  The legal standard for dismissal under this section is the same as the Rule 12(b)(6) standard.  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam).  To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its

---

[3] Plaintiff also asks the Court to compel discovery and preserve evidence.  Compl. at 5.  This request is premature.  Discovery will be managed by the United States Magistrate Judge assigned to this matter, after the Complaint is permitted to proceed and Defendants are served.  *See generally*, Fed. R. Civ. P. 16.

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Courts must liberally construe *pro se* complaints.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III.    ANALYSIS

### A.    Plaintiff's IFP Application

The Court has reviewed Plaintiff's IFP Application, which sufficiently establishes his inability to pay the filing fee for this action.  *See* IFP Application.  Therefore, the Court will **GRANT** Plaintiff's IFP Application.

### B.    Fourteenth Amendment Claim Against Smith

To state a claim under § 1983, a plaintiff must allege the violation of a constitutional right by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  A plaintiff must also allege each defendant's personal involvement in the alleged constitutional violation. *Iqbal*, 556 U.S. at 676; *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  There is no vicarious liability under § 1983.  *Id.*

Plaintiff alleges that Smith was deliberately indifferent to his medical needs by delaying treatment instead of calling a Code White for an emergency.  *See* Compl.  A pretrial detainee's claim for failure to provide adequate medical care, unlike a convicted and sentenced prisoner's claim, arises under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment, but the standard applied is the same.  *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003).  To allege a Fourteenth Amendment claim for failure to provide adequate medical care, a plaintiff must allege facts showing they have a serious medical need, and that the defendant acted with deliberate indifference to that need.  *Id.* at 582.  A serious medical need is one that has been diagnosed by a physician or is so obvious that a layperson would recognize the need for treatment.  *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326,

347 (3d Cir. 1987).  Deliberate indifference means the official knew of and disregarded an

excessive risk to health or safety.  *Pearson v. Prison Health Servs.*, 850 F.3d 526, 538 (3d Cir.

2017).  In the Third Circuit, deliberate indifference has been found where:

> (1) prison authorities deny reasonable requests for medical treatment, (2) knowledge of the need for medical care is accompanied by the intentional refusal to provide it, (3) necessary medical treatment is delayed for non-medical reasons, and (4) prison authorities prevent an inmate from receiving recommended treatment for serious medical needs.

*Id.*

While Plaintiff alleges that Smith called the facilities' nurses in response to Plaintiff's

request for emergency medical care, the Complaint is silent as to how HCCC's nurses responded

to Smith's call.  This missing information is crucial for the Court to determine whether Smith acted

with deliberate indifference by not calling a Code White upon Plaintiff's request.  Accordingly,

the Court will **DISMISS** *without prejudice* Plaintiff's Fourteenth Amendment claim against Smith

for deliberate indifference to his serious medical needs.

### C.    Fourteenth Amendment Claims Against Director Scott and Deputy Director Murrell — Failure to Train or Supervise

Plaintiff alleges Scott and Murreell, as the Director and Deputy Director of HCCC, are

liable for failing to train and supervise Smith, resulting in his failure to call a Code White.  To hold

a supervisor liable under § 1983, a plaintiff must allege more than a supervisor's liability for the

conduct of their subordinates.  *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir.

2014), *rev'd on other grounds*, 575 U.S. 822 (2015).  A plausible claim must allege:  (1) the

supervisor personally directed the violation; (2) the supervisor had knowledge of and acquiesced

in the violation; or (3) there was a failure to train, supervise, or discipline that amounts to deliberate

indifference to constitutional rights, a subcategory of policy or practice liability.  *Id.*  "A pattern

of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate

deliberate indifference for purposes of failure to train." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 409 (1997) (cleaned up).

Plaintiff does not allege that Scott or Murrell had prior notice that Smith had a pattern of failing to follow Code White procedures. The allegation that Sergeant Rios followed the Code White procedure by calling for Plaintiff to be taken to a hospital suggests there was some training on when of HCCC employees should use the procedure. Here, however, Plaintiff has not alleged that Scott and Murrell did not require Smith to receive Code White training, or that Smith's training was deficient in some aspect. Moreover, Plaintiff has not alleged that the Code White procedure requires a corrections officer to call for immediate emergency medical care outside the facility, without first consulting the facilities' medical staff for advice. "[N]aked assertions devoid of further factual enhancement" fail to state a claim for relief. *Iqbal,* 556 U.S. at 678 (cleaned up). Accordingly, the Court will **DISMISS** *without prejudice* Plaintiff's Fourteenth Amendment claims against Scott and Murrell for failure to train and supervise.

## IV.   CONCLUSION

For the reasons stated above, the Court will: (1) **GRANT** Plaintiff's IFP Application;

(2) **DISMISS** *without prejudice* the Complaint; and (3) **GRANT** leave to file an Amended Complaint within 45 days. An appropriate Order accompanies this Opinion.

Dated: August 6, 2025

_____
Evelyn Padin, U.S.D.J.