<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ALEXANDER A. HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER M. SMITH *et al.*,<br><br>    Defendants. | No. 25cv3372 (EP) (MAH)<br><br>**OPINION** |

**PADIN, District Judge.**

Plaintiff Alexander A. Harris, a pretrial detainee at the Hudson County Correctional Center, brings claims for deliberate indifference to his serious medical needs and for failure to train and supervise pursuant to 42 U.S.C. § 1983 in connection with a medical incident that took place in January 2025. D.E. 6 ("Amended Complaint" or "Am. Compl.").

Previously, the Court granted Plaintiff's application to proceed *in forma pauperis*, D.E. 1-1 & 1-2 (collectively, Plaintiff's "IFP Application" or "IFP App."), but dismissed the Complaint, D.E. 1, without prejudice and granted Plaintiff leave to amend. D.E. 3 ("Prior Opinion"). Following the Court's prior opinion and order, Plaintiff filed an Amended Complaint. Am. Compl. The Court still must screen it under 28 U.S.C. § 1915(e)(2)(B).

For the reasons that follow, the deliberate indifference claim against Defendant Officer M. Smith may **PROCEED**, but the deliberate indifference claim against Nurse Thomas and the supervisory liability claims against Defendants Director Becky Scott and Deputy Director Sharonda Murrell will be **DISMISSED** *without prejudice*.

I.    **BACKGROUND**[1]

Plaintiff suffers from several serious medical conditions, including hypertension, high cholesterol, an enlarged heart, and an abnormal heartbeat.  Am. Compl. ¶ 5.  On January 22, 2025, Plaintiff experienced chest pain and shortness of breath, and requested emergency medical attention from Officer Smith, who was on duty.  *Id.* ¶ 8.  Plaintiff reported to Officer Smith that he has a medical history of chest pain, shortness of breath, asthma, and twice before being rushed to the emergency room for high blood pressure.  *Id.*

The Amended Complaint alleges that Officer Smith attempted to contact the facility nursing staff several times, and on his third round of Plaintiff's unit, told Plaintiff that Nurse Thomas said that Plaintiff did not get breathing treatment.  *Id.* ¶¶ 9-10.  Plaintiff told Officer Smith that Nurse Thomas was wrong, and he shrugged his shoulders.  *Id.* ¶ 10.

Plaintiff alleges that no emergent transport occurred until several hours later when he complained to Sergeant Rios about his symptoms.  *Id.* ¶ 12.  Sergeant Rios called a "Code White," which is for cardiac or respiratory problems.  *Id.* ¶ 13.  Plaintiff was first transferred to main medical where he received an EKG, which indicated that he was having a heart attack.  *Id.* ¶ 14. The EKG was then forwarded to the Jersey City Medical Center, where a doctor confirmed that Plaintiff was suffering from a heart attack and that main medical staff should call 911.  *Id.* ¶ 15.

Plaintiff brings a claim under 42 U.S.C. § 1983 for deliberate indifference to serious medical needs against Officer Smith and Nurse Thomas, and a failure-to-train/failure-to-supervise claim against Director Scott and Deputy Director Murrell.

---

[1] The Court incorporates by reference the factual allegations and procedural history set forth in the Amended Complaint as well as in the Complaint and Prior Opinion.  The Court accepts as true, for screening purposes, the factual allegations set forth in the Amended Complaint.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

2

## II.    LEGAL STANDARD

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that [s]he is unable to pay the costs of h[er] suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). When granting leave to proceed IFP, courts must examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Complaints may be dismissed where they fail to state a claim, a standard identical to the one utilized for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)).[2] To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). A court must also draw all inferences in the light most favorable to the plaintiff. *See Cnty. of Allegheny*, 515 F.3d at 228.

Moreover, a *pro se* plaintiff's complaint must be liberally construed. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). When construing a *pro se* plaintiff's complaint, the court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v.*

---

[2] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendant after service. *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment." (internal quotation marks omitted)).

*Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, *pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."  *Id.*

## III.    ANALYSIS

### A.    Plaintiff's Deliberate Indifference Claims Against Officer Smith and Nurse Thomas

A pretrial detainee's claim for inadequate medical care is analyzed under the Fourteenth Amendment and requires pleading a serious medical need and that the defendant acted with deliberate indifference to that need.  *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003); *Pearson v. Prison Health Servs.*, 850 F.3d 526, 538 (3d Cir. 2017).  Deliberate indifference may be shown where an official denies reasonable requests for treatment, intentionally refuses treatment, delays necessary treatment for non-medical reasons, or prevents the receipt of recommended treatment.  *Id.*

#### 1.    Officer Smith

The Court's Prior Opinion dismissed the Complaint in part because Plaintiff failed to describe how nursing staff responded to Officer Smith's contact—a fact necessary to evaluate whether Smith's conduct plausibly amounts to deliberate indifference.  Prior Op. at 4.  The Amended Complaint supplies additional factual allegations: Plaintiff's documented cardiac history, his objective symptoms on the date in question, the sequence and timing of his requests for care, Officer Smith's refusal to call a Code White, Office Smith shrugging his shoulders at Plaintiff despite his pleas for help, and the eventual activation of a Code White only after Sergeant Rios intervened, followed by hospital treatment, which confirmed Plaintiff was suffering from a heart attack.  *See* Am. Compl. ¶¶ 8-16.  At this screening stage, those factual allegations permit the Court to draw the reasonable inference that Officer Smith knew of and disregarded a substantial risk of serious harm to Plaintiff by declining to activate emergency procedures in the face of

objectively serious symptoms. These allegations are therefore sufficient to state a plausible Fourteenth Amendment deliberate-indifference claim against Officer Smith. *See Natale*, 318 F.3d at 582; *Pearson*, 850 F.3d at 538. Accordingly, the deliberate indifference claim against Officer Smith will **PROCEED** past screening.

2.   *Nurse Thomas*

For the reasons already discussed, Plaintiff has plausibly alleged a serious medical need. The question as to Nurse Thomas is therefore whether the allegations in the Amended Complaint support the reasonable inference that she knew of and disregarded a substantial risk of serious harm to Plaintiff. It does not.

In paragraph 25, Plaintiff alleges that Officer Smith placed a telephone call to medical, that Nurse Thomas denied breathing treatment, and that she instead suggested a muscle relaxer. Am. Compl. ¶ 25. Even accepting these allegations as true, the Amended Complaint does not temporally specify when the call occurred, what precise symptoms of Plaintiff's were relayed to Nurse Thomas, whether she was informed that Plaintiff was experiencing acute chest pain and shortness of breath suggestive of a cardiac emergency, or whether she had the authority to activate (or decline to activate) a Code White and/or authorize hospital transport. Absent allegations demonstrating that Nurse Thomas was apprised of a substantial risk of serious harm to Plaintiff and consciously chose to disregard it, the Amended Complaint reflects, at most, a potential disagreement over treatment or negligence, which is insufficient to state a constitutional claim. *See Natale*, 318 F.3d at 582; *Pearson*, 850 F.3d at 538.

Paragraph 27 likewise fails to cure the deficiency. Although Plaintiff asserts that he complained of chest pain and characterizes Nurse Thomas as a "gatekeeper," Am. Compl. ¶ 27, the Amended Complaint lacks the factual particularity present in the allegations against Officer

Smith.  Plaintiff does not allege that Nurse Thomas personally evaluated him, observed objective signs of distress, refused to initiate emergency procedures, overruled a recommendation for emergent care, or otherwise affirmatively prevented access to higher-level treatment. The "gatekeeper" characterization, without factual enhancement as to notice, timing, and decision-making, is a conclusory assertion of liability insufficient under *Iqbal*, 556 U.S. at 678.

In contrast to the detailed sequence of events alleged as to Officer Smith, *see* Am. Compl. ¶¶ 8-16, the claim against Nurse Thomas lacks comparable specificity from which the Court could reasonably infer deliberate indifference. Accordingly, the Court will **DISMISS** *without prejudice* Plaintiff's deliberate indifference claim against Nurse Thomas.

### B.    Plaintiff's Supervisory Claims Against Director Scott and Deputy Director Murrell

Plaintiff brings § 1983 claims against Director Becky Scott and Deputy Director Sharonda Murrell for their failure to train and supervise.  It is well established that there is no *respondeat superior* liability under § 1983.  *Iqbal*, 556 U.S. at 676.  A supervisor may be held liable only if the plaintiff plausibly alleges that the supervisor had personal involvement in the constitutional violation.  *Id.*; *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

In the Third Circuit, personal involvement may be shown where the supervisor participated in violating the plaintiff's rights, directed others to violate them, or had knowledge of and acquiesced in subordinate misconduct.  *Santiago v. Warminster Township*, 629 F.3d 121, 129 n.5 (3d Cir. 2010).  A plaintiff may also pursue supervisory liability based on a failure-to-train or -supervise theory, but only where the failure amounts to deliberate indifference to constitutional rights.  *Id.*

Deliberate indifference in the failure-to-train context ordinarily requires allegations of a pattern of similar constitutional violations sufficient to place the supervisor on notice that

6

additional training or supervision is necessary. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 409 (1997). Absent such notice, a single alleged incident is generally insufficient to establish supervisory liability. *Id.*

Plaintiff references provisions of the inmate handbook and internal management-notification protocols governing emergency responses, including the facility's Code White procedure. *See* Amended Complaint ¶¶ 19-21. Even accepting those allegations as true, they do not plausibly establish supervisory liability against either supervisor. The existence of written procedures addressing emergency medical responses suggests that a policy framework was in place. A single alleged failure by a subordinate to adhere to existing policy does not, without more, demonstrate that the policy itself was constitutionally deficient or that supervisory officials were deliberately indifferent to a known pattern of violations. *See Brown*, 520 U.S. at 409.

The Amended Complaint does not allege that Director Scott or Deputy Director Murrell personally directed the challenged conduct, were contemporaneously notified of Plaintiff's medical emergency and failed to act, or were aware of prior similar incidents involving noncompliance with Code White procedures. Nor does Plaintiff allege facts suggesting that the handbook provisions themselves were facially inadequate or that the notification protocol caused the delay in treatment. Conclusory assertions that the supervisors "failed to train" or "failed to supervise," without factual enhancement demonstrating personal involvement or deliberate indifference, do not state a plausible claim under § 1983. *See Iqbal*, 556 U.S. at 678.

Accordingly, the Court will **DISMISS** *without prejudice* Plaintiff's supervisory claims against Director Scott and Deputy Director Murrell due to Plaintiff's failure to plead either's personal involvement or deliberate indifference.

## IV.    CONCLUSION

For the foregoing reasons, the Court will:  (1) permit Plaintiff's Fourteenth Amendment deliberate-indifference claim against Officer M. Smith to **PROCEED** past screening; (2) **DISMISS** *without prejudice* Plaintiff's deliberate indifference claim against Nurse Thomas; and (3) **DISMISS** *without prejudice* Plaintiff's failure-to-train and failure-to-supervise claims against Director Becky Scott and Deputy Director Sharonda Murrell for failure to plead supervisory liability with sufficient factual detail.  An appropriate Order follows.


Date: April 22, 2026


Evelyn Padin, U.S.D.J.

8